UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORIS GROYSMAN and SUSANNA GROYSMAN,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>LIBERTY INSURANCE CORPORATION et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 19-CV-667-CAB-BGS<br><br>**ORDER GRANTING MOTION TO REMAND AND AWARDING ATTORNEYS' FEES**<br><br>[Doc. No. 5] |

This matter is before the Court on Plaintiff's motion to remand. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. For the following reasons, the motion is granted and this case is remanded to San Diego County Superior Court.

**I. Timeliness of the Notice of Removal**

On March 19, 2018, Plaintiff filed this insurance coverage lawsuit in San Diego County Superior Court, alleging that Defendants breached Plaintiffs' condominium insurance policy by failing to pay policy benefits for flooding and mold in Plaintiffs' condominium unit. More than a year later, on April 10, 2019, Defendant Liberty Insurance Corporation removed the lawsuit to this Court. The notice of removal contends that there is subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332, and that the removal is timely under 28 U.S.C. § 1446(b)(3), which provides:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

Plaintiffs now move to remand on the grounds that removal was untimely based on subsection (c) of section 1446, which provides:

> **Requirements; removal based on diversity of citizenship.**--(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c). In its opposition, Defendant argues that the complaint was removable when it was initially filed, and that therefore, under *Ritchey v. Upjohn Drug Company*, 139 F.3d 1313 (9th Cir. 1998), the one year deadline under subsection (c)(1) does not apply. *Ritchey*, however, "stands for the proposition that 28 U.S.C. § 1446(c)(1)'s one-year deadline applies to cases that become removable; where Defendant removes the case pursuant to 28 U.S.C. § 1446(b)(3)." *Danzig v. The End Records, Inc.*, No. 218CV05936ODWJCX, 2018 WL 4859261, at *2 (C.D. Cal. Oct. 4, 2018). In the notice of removal, Defendant stated that it was removing the case pursuant to subsection (b)(3), contending that the case became removable upon receipt of a settlement demand from Plaintiff on March 11, 2019. Thus, based on the notice of removal, and pursuant to *Ritchey*, subsection (c)(1)'s one year deadline applies.

Now, however, in a misguided attempt to avoid the one year deadline of subsection (c)(1), Defendant takes the position that the case did not "become removable" on March 11, 2019; it was removable at inception. Yet, "because initially removable cases can only rely on (b)(1)'s initial thirty-day window[1], [Defendant's] attempt to use (b)(3)'s thirty-

---

[1] Section 1446(b)(1) requires a notice of removal to "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the

day window while also arguing that this case was initially removable is fundamentally flawed." *Markham v. Home Depot USA, Inc.*, No. CV 13-8431-GHK JCGX, 2014 WL 117102, at *3 (C.D. Cal. Jan. 10, 2014). "If the Complaint in this case was removable from inception, as Defendant[] argue[s] it was, the analysis stops with subsection (b)(1), and Defendant[] ha[s] no recourse to subsection (b)(3), obviating Plaintiffs need to invoke subsection (c)(1). On the other hand, if the Complaint was not removable from inception but only became removable after amendment, subsection (b)(3) applies, but so does subsection (c)(1), which bars removal in this case in the absence of bad faith." *WMCV Phase, LLC v. Tufenkian Carpets Las Vegas, LLC*, 2012 WL 5198478, at *3 (D.Nev. Oct.18, 2012). Defendant "cannot have it both ways." *Markham*, 2014 WL 117102, at *3.

Ultimately, Defendant's removal is untimely under either subsection (b)(1) or subsection (b)(3). Defendant was served with the state court summons and complaint on March 30, 2018. [Doc. No. 1 at ¶ 3.] Thus, because Defendant's notice of removal was filed well beyond thirty days after the complaint was served, the removal is untimely pursuant to subsection (b)(1).

Even assuming that, contrary to Defendant's admission in its opposition, the complaint was not removable when it was originally filed, the case became removable months before the notice of removal was filed, and not on March 11, 2019. The complaint seeks compensatory damages, punitive damages, and attorneys' fees. [Doc. No. 1-1 at 7.] In interrogatory responses from Plaintiffs dated August 30, 2018, that Defendant attached to its opposition brief, Plaintiffs stated that the amount of property damage in question "will be an amount no less than $50,000," and stated that Plaintiffs seek other damages including electricity, food, and legal fees since March 2017. [Doc. No. 8-1 at 24-25.] In its reply, Plaintiff identifies other discovery responses making clear that the matter in controversy exceeds the jurisdictional threshold. Based on this information, even if it was

---

defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

not removable from inception, the lawsuit became removable no later than thirty days after Defendant received these responses. Accordingly, removal was not timely because it did not occur within the thirty day window provided by section 1446(b)(3).

Finally, even assuming that the case did not become removable until Defendant received Plaintiff's settlement demand on March 11, 2019, as Defendant contends in the notice of removal, the removal is untimely under section 1446(c)(1) unless Plaintiffs acted in bad faith to prevent Defendant from removing the action. There is no support for bad faith in the record. To the contrary, as reflected in the discovery responses Defendant contends support its argument of bad faith, Defendant was on notice, no later than August 30, 2018, that Plaintiffs sought damages of not less than $50,000 for damage to their condominium, plus additional damages for food, electricity, attorneys' fees since March 2017, and punitive damages. Such responses do not reflect a bad faith effort to conceal the amount in controversy and prevent removal. Rather, Plaintiffs provided Defendant sufficient information to ascertain that the matter in controversy exceeds $75,000, entitling Defendant to remove the case to federal court based on diversity jurisdiction. Accordingly, Defendant has not demonstrated that Plaintiffs acted in bad faith, meaning Defendant's removal was also untimely under section 1446(c)(1).

**II. Attorney's Fees**

Plaintiff asks for $1,500 in attorneys' fees pursuant to 28 U.S.C. 1447(c), which states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018) (internal citations and quotation marks omitted). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose

of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

Here, Defendant had no objectively reasonable basis to believe that its removal of this case would be timely. As discussed above, *Richey*, on which Defendant relies, actually supports remand here, and a little research would have revealed to Defendant the fundamental flaw in its reliance on that case. Indeed, as another court recently stated with respect to a defendant's similarly misplaced reliance on *Ritchey*, Defendant may have "found the correct case, but failed to read it." *Danzig v. The End Records, Inc.*, No. 218CV05936ODWJCX, 2018 WL 4859261, at *2 (C.D. Cal. Oct. 4, 2018). Moreover, even if Defendant's fundamentally flawed interpretation of *Richey* was correct, its removal was still objectively unreasonable because it was not filed within either of the thirty day windows in section 1446(b). Ultimately, Defendant's arguments for the timeliness of its removal lack any support in the law or facts, and even a cursory review of the applicable statutes and caselaw would have revealed as much to Defendant. Accordingly, because it was objectively unreasonable for Defendant to believe that its removal was timely, Plaintiff is entitled to its fees for the instant motion to remand.

### III. Disposition

Defendant's notice of removal was untimely under 28 U.S.C. 1446(b) and (c), and its arguments to the contrary are objectively unreasonable. Accordingly, Plaintiff's motion to remand is **GRANTED**, and this case is **REMANDED** to San Diego County Superior Court. It is further **ORDERED** that Defendant pay Plaintiffs attorneys' fees of $1,500 incurred as a result of the objectively unreasonable removal.

Dated: May 15, 2019

Hon. Cathy Ann Bencivengo
United States District Judge